Christopher L. Dueringer, SBN 173746
Nicole N. King, SBN 290204
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail:    cdueringer@bryancave.com
           nicole.king@bryancave.com

Attorneys for Defendants
OCWEN LOAN SERVICING, LLC; and
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR STRUCTURED
ASSET SECURITIES CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-W-1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHEILA ALEXANDER EL<br>            Plaintiff,<br><br>         vs.<br><br>OCWEN Loan Servicing, LLC; U.S.<br>BANK NATIONAL ASSOCIATION, as<br>TRUSTEE FOR STRUCTURED<br>ASSET SECURITIES CORPORATION<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2006-W-1;<br>AND DOES 1 through 10, inclusive,<br>            Defendants. | Case No. LACV15-1865PSG(MANx)<br><br>[Hon. Philip S. Gutierrez]<br><br>**DEFENDANTS' NOTICE OF<br>MOTION AND MOTION TO<br>DISMISS PLAINTIFF'S FIRST<br>AMENDED COMPLAINT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT<br>THEREOF**<br><br>[Filed concurrently with Request for<br>Judicial Notice; and [Proposed] Order]<br><br>Date:       August 10, 2015<br>Time:       1:30 p.m.<br>Location:   Courtroom 3<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br><br>Complaint Filed: March 13, 2015 |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

SM01DOCS\1097817.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA
ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 10, 2015 at 1:30 p.m. before the Honorable Philip S. Gutierrez, in Courtroom 3 of the United States District Court for the Central District of California, Eastern Division, located at 255 E. Temple Street, Los Angeles, California 90012, defendants Ocwen Loan Servicing, LLC ("Ocwen"); and U.S. Bank National Association, as Trustee For Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-W-1 ("U.S. Bank") (collectively, "Defendants") will, and hereby do move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the First Amended Complaint of plaintiff Sheila Alexander El ("Plaintiff") for failure to state a claim upon which relief can be granted:

1. The purported First Cause of Action for Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") fails to state a claim against Defendants upon which relief can be granted because: (1) Defendants are not debt collectors within the meaning under the FDCPA; and (2) Plaintiff fails to allege a violation of this statute through any conduct by Defendants.

2. The purported Second Cause of Action for Intentional Infliction of Emotional Distress fails to state a claim against Defendants upon which relief can be granted because Plaintiff fails to allege that: (1) Defendants engaged in extreme and outrageous conduct; and (2) she actually suffered severe or extreme emotional distress.

This Motion is based on this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1       This Motion is made following a conference between Defendants' counsel

2 and Plaintiff Sheila Alexander El pursuant to L.R. 7-3.  The conference of the

3 parties was first initiated by Defendants' counsel on June 9, 2015, and subsequently

4 took place on June 15, 2015.  The parties were unable to reach a resolution that

5 would have eliminated the need for this motion and a hearing.

6

7 Dated:  June 16, 2015                    **BRYAN CAVE LLP**

8

9                          By:  */s/ Nicole N. King*

                                Nicole N. King

10                         Attorneys for Defendant

                        OCWEN LOAN SERVICING LLC; and

11                         U.S. BANK NATIONAL ASSOCIATION,

                        AS TRUSTEE FOR STRUCTURED

12                         ASSET SECURITIES CORPORATION

                        MORTGAGE PASS-THROUGH

13                         CERTIFICATES, SERIES 2006-W-1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA
ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

## Table of Contents

Page

I.      INTRODUCTION ...............................................................................1

II.     PLAINTIFF'S FACTUAL BACKGROUND AND ALLEGATIONS ............2

III.    LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS............3

IV.     ARGUMENT.....................................................................................5

        A.   Plaintiff Cannot State a Claim for Violation of the Fair Debt
             Collection Practices Act, 15 U.S.C. 1692 *et seq.*...................................5

             1.   Defendants are not Debt Collectors Under the FDCPA ...............5

             2.   Plaintiff cannot plead a violation of the FDCPA........................6

        B.   Plaintiff Cannot State a Claim for Intentional Infliction of
             Emotional Distress ........................................................................11

V.      CONCLUSION ...............................................................................14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

SM01DOCS\1097817.3

<u>Table of Authorities</u>

Page(s)

**Cases**

*Ascroft v. Iqbal,*
   556 U.S. 662 (2009)..................................................................................9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..............................................................................4, 7

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1991)..................................................................4

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..........................................................................3, 4, 9

*Bogard v. Employers Cas. Co.,*
   164 Cal. App. 3d 602 (1985)................................................................13

*Caballero v. Ocwen Loan Serv.,*
   2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009)........................6, 10

*Chavez v. Allied Interstate,*
   2012 WL 2839800 (E.D. Cal. July 10, 2012)........................................7

*Costa v. National Action Financial Services,*
   634 F. Supp. 2d 1069 (E.D. Cal. 2007)...........................................12, 13

*Davenport v. Litton Loan Servicing, LP,*
   725 F.Supp.2d 862, 884 (2010).............................................................12

*Dickman v. Kimball, Trey & St. John, LLP,*
   982 F. Supp. 2d 1157, 1165 (2013).......................................................10

*Fiorilli v. Wells Fargo Bank, N.A.,*
   2014 WL 3908612 (N.D. Cal. Aug. 7, 2014)........................................9

*Flores v. EMC Mortgage Co.,*
   997 F. Supp. 2d 1088, 1124-25 (E.D. Cal. 2014)................................12

*Freeman v. ABC Legal Services, Inc.,*
   827 F. Supp. 2d 1065 (N.D. Cal. 2011)..................................................5

*Geist v. OneWest Bank,*
   2010 WL 4117504 (N.D. Cal. Oct. 19, 2010).......................................8

*Girard v. Ball,*
   125 Cal. App. 3d 772 (1981).........................................................13, 14

*Gorman v. Wolpoff & Abramson, LLP,*
   370 F.Supp.2d 1005 (2005).....................................................................9

*Hana Fin., Inc. v. Hana Bank,*
   500 F. Supp. 2d 1228 (C.D. Cal. 2007)..................................................4

*Holmes v. Electronic Document Processing, Inc.,*
   966 F. Supp. 2d 925 (N.D. Cal. 2013)....................................................5

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## Table of Authorities

Page(s)

*Izenberg v. ETS Servs., LLC,*
589 F. Supp. 2d 1193 (C.D. Cal. 2008) .......................................................8

*Kitty Yinling Zhang v. Countrywide Home Loans, Inc.,*
601 F. App'x 567 (9th Cir. 2015) ..............................................................8

*Lal v. Am. Home Servicing, Inc.,*
680 F. Supp. 2d 1218 (E.D. Cal. 2010) ................................................6, 10

*Langan v. United Servs. Auto. Ass'n,*
2014 WL 4744790, at *15 (N.D. Cal. Sept. 23, 2014) ...........................11

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) .....................................................................3

*Ness v. Ciba-Geigy Corp. USA,*
317 F. 3d 1097 (9th Cir. 2003) ...............................................................10

*O'Connor v. Capital One, N.A.,*
2014 WL 2215965 (N.D. Cal. May 29, 2014 .........................................9

*Pratap v. Wells Fargo Bank, N.A.,*
2014 WL 3884413 (N.D. Cal. Aug. 7, 2014) .....................................5, 10

*Ross v. Creel Printing & Publ'g Co.,*
100 Cal. App. 4th 736 (2002) ...........................................................11, 12

Sabow v. United States,
93 F.3d 1445 (9th Cir.1996) .....................................................................11

*Schlegel v. Wells Fargo Bank, NA,*
720 F.3d 1204 (9th Cir. 2013) ..............................................................9, 10

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2004) ...................................................................10

*Tekle v. United States,*
511 F.3d 839 (9th Cir.2007) .....................................................................12

*Vasquez v. L.A. County,*
487 F.3d 1246 (9th Cir. 2007) ...................................................................4

*Wright v. Specialized Loan Servicing LLC,*
2014 WL 5308633 (E.D. Cal. 2014) ........................................................11

*Yu v. Signet Bank/Virginia,*
69 Cal.App.4th 1377 (1999) .....................................................................12

*Zhang v. Countrywide Home Loans, Inc.,*
2012 WL 1245682 (N.D. Cal. Apr. 13, 2012) ..........................................8

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

SM01DOCS\1097817.3

iii

DEFENDANTS' NOTICE OF MOTION AND  MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA
ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

Table of Authorities

Page(s)

**Statutes**

15 U.S.C. § 1692a .................................................................................5, 10

15 U.S.C. § 1692a(6) .....................................................................................5

15 U.S.C § 1692a (7) ....................................................................................7

15 U.S.C § 1692b(2) .....................................................................................7

15 U.S.C. §§1692b(1)-(2) .............................................................................6

15 U.S.C. § 1692c(b) ....................................................................................7

15 U.S.C. § 1692d .....................................................................................8, 9

15 U.S.C. §§ 1692d(4)-(5) ...........................................................................8

15 U.S.C. § 1692e .................................................................................9, 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .........................................................................3, 14

Fed. R. Civ. P. 8 ...........................................................................................9

Fed. R. Civ. P. 8(a)(2) ...........................................................................3, 4

Fed. R. Civ. P. 9(b) ....................................................................................11

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA
ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Sheila Alexander El's ("Plaintiff") First Amended Complaint ("FAC") fails to state a viable claim against defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-W-1 ("U.S. Bank") (collectively, "Defendants").  As with the prior complaint, Plaintiff's FAC asserts several vague and conclusory allegations against Defendants, contending that Defendants violated a laundry list of provisions of the federal Fair Debt Collection Practices Act ("FDCPA").  Plaintiff alleges that Defendants engaged in conduct that would  harass, oppress, or abuse anyone while executing non-judicial foreclosure proceedings on the deed of trust that secured Plaintiff's then delinquent mortgage loan.  As a result, Plaintiff alleges, without factual support, that she suffered severe emotional distress.  However, Plaintiff's claims fail as a matter of law for multiple significant reasons.

First, Plaintiff's claim for violation of the FDCPA fails because Defendants are not debt collectors within the meaning of the FDCPA.  Indeed, it is well-settled law that the definition of a debt collector under the FDCPA does not include the consumer's mortgage servicing company or any assignee of that debt.  Also, Plaintiff fails to allege sufficient facts to demonstrate how Defendants purportedly violated the FDCPA because (1) the activity of foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA; and (2) Plaintiff fails to allege specific facts to support any of her other defective claims to award her relief under the FDCPA.

Second, Plaintiff is not entitled to relief under her claim for intentional infliction of emotional distress because Plaintiff fails to allege that Defendants engaged in extreme and outrageous conduct, and that she actually suffered severe or extreme emotional distress—two elements that are required to plead an intentional

SM01DOCS\1097817.3

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1    infliction of emotional distress claim.

2         For these reasons, and the additional reasons articulated below, Defendants

3    respectfully request that the Court dismiss Plaintiff's FAC in its entirety.  Because

4    this is Plaintiff's *second* failed attempt, the FAC should be dismissed without

5    further leave to amend.

6    **II.    FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

7         Plaintiff obtained a $480,000 loan from Wilmington Finance on January 27,

8    2006 ("Loan"), secured by a deed of trust ("DOT") against her real property located

9    in Carson, CA ("Property").  (Request for Judicial Notice ("RJN"), Ex. A.)  The

10   DOT lists (1) Chicago Title Company as the trustee; and (2) Mortgage Electronic

11   Registration Systems, Inc. ("MERS") as the beneficiary.  (*See id.*)  On April 20,

12   2009, MERS recorded an Assignment of Deed of Trust ("ADOT"), transferring all

13   beneficial interest in the DOT to U.S. Bank National Association, as Trustee for

14   Structured Asset Securities Corporation (SASCO), Series 2006-W1. (RJN, Ex. B.)

15   On November 20, 2009, a subsequent ADOT was recorded, transferring all

16   beneficial interest under the DOT to defendant U.S. Bank.  (RJN, Ex. C.)  On June

17   12, 2014, U.S. Bank recorded a Substitution of Trustee, appointing Western

18   Progressive, LLC as the trustee.  (RJN, Ex. D.)  On June 20, 2014, Western

19   Progressive, LLC recorded a Notice of Default and Election to Sell Under Deed of

20   Trust ("NOD").  (RJN, Ex. E.)  The NOD lists $12,985.23 in arrears as of June 13,

21   2014.  (*Id.*)  The NOD's accompanying Declaration of Compliance with Civ. Code

22   §2923.55 demonstrates that defendant Ocwen operates as the servicer of the Loan

23   for U.S. Bank.  (*Id.*)  On October 29, 2014, a Notice of Trustee's Sale was recorded,

24   listing a sale date of the Property on December 1, 2014.  (RJN, Ex. F.)  On

25   December 1, 2014, the Property was sold in a foreclosure sale to U.S. Bank,

26   evidenced by the recording of a Trustee's Deed Upon Sale on December 24, 2014.

27   (RJN, Ex. G.)

28        Despite the fact that the foregoing foreclosure process was proper, Plaintiff

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF SHEILA
ALEXANDER EL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1   alleges, without support, that Defendants violated the FDCPA, sections 1692c-e.

2   (*See* FAC ¶ 23-34.)  Under these claims, Plaintiff alleges conduct by Defendants in

3   violation of the FDCPA to include: (1) "placing telephone calls to Plaintiff, family

4   and guests without identifying themselves" and  "disclosing Plaintiff owes or may

5   owe any debt [FAC ¶ 23-24];" (2) "communicati[ng] private information and

6   telephone numbers …without the consent of Plaintiff, family and guest and without

7   the expressed permission of a court [FAC ¶ 25];" (3) holding a trust deed sale on the

8   Property in connection with collecting the subject debt; and "calling repeatedly

9   engaging in conversations with Plaintiff …with the intent to annoy, abuse or harass

10  [FAC ¶ 4, 7-8, 26-27];" and using false, deceptive, and misleading representation or

11  means in connection with the collection of Plaintiff's debt (*see* FAC ¶ ¶ 28-34).

12          Additionally, Plaintiff alleges, without factual support, that she suffered

13  severe emotional distress through Defendants' alleged conduct, "including using

14  threats of criminal charges to collect an alleged debt, staking out impersonating

15  private investigators, calling from unknown number[s] and not identifying oneself."

16  (FAC ¶ 39.)  Plaintiff alleges symptoms she purportedly experienced as a result of

17  Defendants' alleged conduct that include "anxiety, fear, fright, humiliation,

18  embarrassment, nervousness,…headaches, worry, irritability, damaging in [personal

19  and social] relationships, loss of privacy and injury to reputation." (FAC ¶ 41.)

20  Based upon the conclusory statements above, Plaintiff brings two causes of action

21  for (1) Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.;*

22  and (2) Intentional Infliction of Emotional Distress against Defendants.

23  **III.   LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS**

24          A complaint shall be dismissed when it fails to state a claim upon which relief

25  can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Federal

26  Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *See*

27  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to

28  dismiss, a court reads Rule 12(b)(6) in conjunction with Rule 8(a)(2).  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8(a)(2) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although Rule 8(a)(2) does not require detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain factual allegations that do more than invite mere speculation. *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007); *see also Bell Atl. Corp.*, 550 U.S. at 545 (the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.").  As dictated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), courts should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Under the standard set forth in *Iqbal*, a plaintiff must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Accordingly, dismissal is proper where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1991).  Additionally, a court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

IV.   **ARGUMENT**

    A.   **Plaintiff Cannot State a Claim for Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.***

In the purported first cause of action, Plaintiff alleges, without support that Defendants violated sections 1692c-e of the FDCPA. (*See* FAC ¶ 23-34.)  However, Plaintiff's claim fails because (1) Defendants are not debt collectors within the meaning of the FDCPA; and (2) Plaintiff does not plead sufficient facts showing a violation of the FDCPA by Defendants.

To state a claim under the FDCPA, a plaintiff must allege: (1) that [the plaintiff] is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *Holmes v. Electronic Document Processing, Inc.*, 966 F. Supp. 2d 925 (N.D. Cal. 2013); *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011); *Pratap v. Wells Fargo Bank, N.A.*, No. 12-CV-06378-MEJ, 2014 WL 3884413, at *8-9 (N.D. Cal. Aug. 7, 2014).

        **1.   Defendants are not Debt Collectors Under the FDCPA**

Plaintiff's FDCPA claim fails as a matter of law because Defendants are not debt collectors within the meaning of the statute.  *See* 15 U.S.C. § 1692a(6).  The term "debt collector" is defined as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  However, a debt collector within the meaning of the FDCPA ***does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.*** *Pratap v. Wells Fargo Bank, N.A.*, No. 12-CV-06378-MEJ, 2014 WL 3884413, at *8-9 (N.D. Cal. Aug. 7, 2014) (dismissing an FDCPA claim

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  with prejudice as to defendant Wells Fargo because as a mortgage servicer, it is not

2  a "debt collector" within the meaning of the statute.) (emphasis added); *Lal v. Am.*

3  *Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("the law is well

4  settled that FDCPA's definition of a debt collector does not include the consumer's

5  creditors, a mortgage servicing company, or any assignee of the debt."); *see e.g.*

6  *Caballero v. Ocwen Loan Serv.,* 2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009)

7  (loan servicer was not a "debt collector" under the FDCPA).

8        Here, Plaintiff does not (and cannot) allege that Defendants are debt

9  collectors as defined by the FDCPA statute, because all beneficial interest under the

10  DOT was assigned to U.S. Bank in November 2009—prior to Plaintiff's default on

11  the Loan. (RJN, Ex. C.) Accordingly, Ocwen was operating as the servicer of the

12  Loan for U.S. Bank (the assignee of the debt), when Defendants were attempting to

13  collect the amount in arrears owed by Plaintiff due to her default on the Loan.

14  (RJN, Exs. C, E.) Therefore, a violation of the FDCPA is not triggered here because

15  Defendants are not debt collectors within the meaning of the statute. Thus,

16  Plaintiff's first cause of action should be dismissed with prejudice on this basis

17  alone.

18              **2.**    **Plaintiff Cannot Plead a Violation of the FDCPA**

19        Plaintiff's first cause of action fails for the additional, independent reason that

20  it is insufficiently pleaded. Indeed, Plaintiff's FAC is devoid of any facts sufficient

21  to show that Defendants violated one of the provisions of the FDCPA, as required to

22  seek relief under this statute. *See* 15 U.S.C. §§ 1692a-1692o.

23        <u>First</u>, Plaintiff alleges, without support, that Defendants violated 15 U.S.C §§

24  1692b(1)-(2) by: "placing telephone calls to Plaintiff, family and guests without

25  identifying themselves" and "disclosing Plaintiff owes or may owe any debt."

26  (FAC ¶ 23-24.) While Defendants deny any wrongdoing under these statutory

27  provisions, Plaintiff's allegations cannot satisfy the pleading standard to even

28  survive a motion to dismiss because the FAC is devoid of any facts supporting them.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1   Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they

2   must be supported by factual allegations." *See Iqbal*, 556 U.S. 662, 664, 678 (2009)

3   (a plaintiff must allege "more than unadorned, the-defendant-unlawfully-harmed-me

4   accusation[s].") Additionally, while Plaintiff contends that Defendants violated 15

5   U.S.C § 1692b(2) by "disclosing [she] owes or may owe any debt" (FAC ¶24), this

6   argument is unavailing because that subsection does not prohibit a debt collector

7   from stating that a consumer owes a debt. *See* 15 U.S.C § 1692b(2)  Rather, it

8   prohibits a debt collector's communication with a third party, for the purpose of

9   securing location information about a debtor, from disclosing to the third party that

10   the consumer owes a debt. *See Chavez v. Allied Interstate*, No. 1:12-CV-01079-

11   AWI, 2012 WL 2839800, at *4 (E.D. Cal. July 10, 2012). "Location information"

12   "means a consumer's place of abode and his telephone number at such place, or his

13   place of employment." 15 U.S.C § 1692a (7).  Because Plaintiff alleges that

14   Defendants violated the statute simply by disclosing Plaintiff owed a debt, her

15   FDCPA claim is not cognizable under this theory.  *See Chavez v. Allied Interstate*,

16   No. 1:12-CV-01079-AWI, 2012 WL 2839800, at *4 (E.D. Cal. July 10, 2012)

17   (dismissing a 15 U.S.C §1692b(2) claim as not cognizable "[t]o the extent that

18   Plaintiff alleges that each Defendant violated the statute simply by telling [that]

19   Plaintiff [owed] a debt.")

20       Second, Plaintiff alleges, without factual support, that Defendants violated 15

21   U.S.C. § 1692c(b) "by communicati[ng] private information and telephone numbers

22   …without the consent of Plaintiff, family and guest and without the expressed

23   permission of a court." (FAC ¶ 25.)  Section 15 U.S.C. § 1692c(b) prohibits a debt

24   collector from contacting a third party without the prior consent of the debtor. *See*

25   15 U.S.C. § 1692c(b) .  Here, while Defendants deny any violation under this

26   statute, Plaintiff does not and cannot allege any facts to show to whom Defendants

27   communicated the alleged private information and telephone numbers.  Also, to the

28   extent Plaintiff alleges that the purported communication was made without the

consent of *Plaintiff's family, guest and a court* (*see* FAC ¶ 25), this allegation cannot form the basis of this claim because, as noted above, this statutory provision prohibits a debt collector from contacting a ***third party*** without the prior consent of the ***debtor***, such as Plaintiff, and no one else. *See* 15 U.S.C. § 1692c(b) .  Thus, this claim fails a matter of law.

Third, Plaintiff alleges that Defendants violated the provisions of 15 U.S.C. §§ 1692d(4)-(5) "by holding a trust deed sale[]"on the Property in connection with collecting the subject debt; and "when calling repeatedly engaging in conversations with Plaintiff …with the intent to annoy, abuse or harass." (FAC ¶ 4, 7-8, 26-27.) However, these allegations fail because foreclosing on a property pursuant to the terms of a DOT does not constitute the collection of a debt under the FDCPA.  *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA[.]"); *Geist v. OneWest Bank*, 2010 WL 4117504, at *3 (N.D. Cal. Oct. 19, 2010) ("[D]istrict courts throughout the Ninth Circuit have concluded that [a foreclosure action] does not [constitute 'debt collection'].") (collecting cases); *Zhang v. Countrywide Home Loans, Inc.*, No. 11-CV-03475 NC, 2012 WL 1245682, at *11 (N.D. Cal. Apr. 13, 2012) *aff'd sub nom. Kitty Yinling Zhang v. Countrywide Home Loans, Inc.*, 601 F. App'x 567 (9th Cir. 2015).  No claim under the FDCPA arises from the foreclosure process because foreclosing on a deed of trust does not constitute "collection" of a debt. *See Geist*, 2010 WL 4117504, at *2-*3 (dismissing claim "without leave to amend" because "foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA").

Additionally, Plaintiff' mere conclusory statements that Defendants "call[ed] repeatedly engaging in conversations with Plaintiff …with the intent to annoy, abuse or harass" in violation 15 U.S.C. § 1692d, *which prohibits a debt collector from engaging in conduct that will "harass, oppress, or abuse" any person while*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1 *attempting to collect a debt* (FAC ¶ 27) is deficiently pled.  Indeed, this generic

2 allegation fails to satisfy even the liberal pleading standards of Rule 8 of the Federal

3 Rules of Civil Procedure.  *See Bell Atl. Corp.*, 550 U.S. at 555 (the pleading

4 standard under Rule 8 requires "more than labels and conclusions, and a formulaic

5 recitation of the elements of a cause of action" to survive a motion to dismiss.)

6 Plaintiff's FDCPA claim fails because she does not allege the date or contents of

7 even one attempt on behalf of Defendants to collect the alleged debt that was

8 "harassing, abusive, and annoying."  Therefore, Plaintiff's allegations are

9 insufficient to state a claim against Defendants based on a violation of 15 U.S.C. §

10 1692d.  *See Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005, 1013

11 (2005) (court dismissed the plaintiff's FDCPA claim because it was pled only with

12 conclusory statements of a violation of Section 1692d and failed to satisfy even the

13 liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure.)

14     <u>Fourth</u>, Plaintiff also bases her claim under the FDCPA for violation of 15

15 U.S.C. § 1692e(2),(4)-(5),(7),(10),(13)-(14).  (*See* FAC ¶ ¶ 28-34.)  Title 15 U.S.C.

16 §1692e pprovides "[a] debt collector may not use any false, deceptive, or misleading

17 representation or means in connection with the collection of any debt."  15 U.S.C. §

18 1692e.  However, this claim requires Plaintiff to show that Defendant is a "debt

19 collector."  *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013);

20 *Fiorilli v. Wells Fargo Bank, N.A.*, No. C-14-CV-00557 (DMR), 2014 WL 3908612,

21 at *3 (N.D. Cal. Aug. 7, 2014).  In the FAC, Plaintiff merely alleges that Defendants

22 are "debt collectors." (*See* FAC. ¶ 3, 8.)  However, this conclusory assertion is

23 insufficient because Plaintiff does not plead the "factual content" necessary to

24 support a reasonable inference that [each] Defendant is a "debt collector." *See*

25 *Schlegel*, 720 F.3d at 1208-1209 (citing *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009);

26 *O'Connor v. Capital One, N.A.*, No.:CV 14-00177-KAW, 2014 WL 2215965 at *5

27 (N.D. Cal. May 29, 2014 (finding plaintiff's allegation that defendant was a "debt

28 collector" under FDCPA was insufficient because the allegation was conclusory and

SM01DOCS\1097817.3

9

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1    lacked factual support).  Nor can Plaintiff because, as discussed above in Section

2    A.1, Defendants are not debt collectors within the meaning of the FDCPA statute.

3    *Pratap*, No. 12-CV-06378-MEJ, 2014 WL 3884413, at *8-9; *Lal*, 680 F. Supp. 2d at

4    1224; *Caballero,* 2009 WL 1528128 , at *1; *see also Schlegel*, 720 F.3d at 1289

5    (holding Defendant Wells Fargo was not a "debt collector" under § 1692e because

6    Defendant's collection efforts only related to debts acquired through an assignment

7    of the loan from the original lender).  Under the dispositive arguments above,

8    Plaintiff cannot plead a claim for violation of Section 1692e by Defendants.

9         In addition, Plaintiff's Section 1692e claim fails because Plaintiff does not

10   and cannot plead her claim with the specificity required for fraud claims pursuant to

11   Federal Rule of Civil Procedure 9.  *See Dickman v. Kimball, Trey & St. John, LLP*,

12   982 F. Supp. 2d 1157, 1165 (2013).  Although Plaintiff has not alleged a fraud claim

13   or a claim where fraud is an essential element, Section 1692e is based on the theory

14   that Defendants made false, deceptive, or misleading representations or means in

15   connection with the collection of a debt.  (*See* FAC ¶ ¶ 28-34.)  In a case such as

16   this, "where fraud is not an essential element of a claim, only allegations

17   ('averments') of fraudulent conduct[,]" Plaintiff "must satisfy the heightened

18   pleading requirements of rule 9(b)."  *Dickman*, 982 F. Supp. 2d at 1165 .  Therefore,

19   the allegations must include "the who, what, when, where, and how of the

20   misconduct charged" and must set forth more than the neutral facts necessary to

21   identify the transaction."  *Id.*; *Kearns v. Ford Motor Co.*, 567 f.3d 1120, 1124 (9th

22   Cir. 2009)); *Ness v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1120 (9th Cir. 2003)

23   (Plaintiff is required to state "the who, what, when, where and how" of the false

24   representations.); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004)

25   (allegations must include "an account of the time, place, and specific content of the

26   false representations as well as the identities of the parties to the

27   misrepresentations.")  As Plaintiff fails to allege facts including who, when, or by

28   what means Defendants made the alleged false representations, her claim for

SM01DOCS\1097817.3                                    10

violation of the FDCPA under this theory fails. *See e.g. Wright v. Specialized Loan Servicing LLC*, 2014 WL 5308633 at *5 (E.D. Cal. 2014) (dismissing the plaintiff's claim for a violation of §1692e because it did not meet the pleading standard of Rule 9(b).)

Because (1) Defendants are not debt collectors within the meaning of the FDCPA and (2) Plaintiff does not plead sufficient facts showing a violation of the FDCPA by Defendants, this claim fails as a matter of law.

## B.   **Plaintiff Cannot State a Claim for Intentional Infliction of Emotional Distress**

In the purported second cause of action for Intentional Infliction of Emotional Distress, Plaintiff alleges, without support, that Defendants' alleged conduct, "including using threats of criminal charges to collect an alleged debt, staking out impersonating private investigators, calling from unknown number[s] and not identifying oneself," caused her severe emotional distress. (FAC ¶ 39.) Plaintiff asserts a laundry list of symptoms she purportedly experienced as a result of Defendants' alleged conduct that includes "anxiety, fear, fright, humiliation, embarrassment, nervousness,…headaches, worry, irritability, damaging in [personal and social] relationships, loss of privacy and injury to reputation." (FAC ¶ 41.) However, Plaintiff's conclusory allegations are insufficient to entitle her to relief under this claim.

In order to plead intentional infliction of emotional distress, a plaintiff must allege facts showing (1) "the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744-45 (2002); *Langan v. United Servs. Auto. Ass'n*, 2014 WL 4744790, at *15 (N.D. Cal. Sept. 23, 2014); *Sabow v. United States,* 93 F.3d

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1  1445, 1454 (9th Cir.1996) .

2       <u>First</u>, Plaintiff cannot satisfy the required elements for intentional infliction of

3  emotional distress because Plaintiff cannot show that Defendants were guilty of

4  extreme and outrageous conduct to be actionable under this claim.  In order to be

5  considered outrageous, the conduct must be "so extreme as to exceed all bounds of

6  that usually tolerated in a civilized community." *Tekle v. United States,* 511 F.3d

7  839, 855 (9th Cir.2007); *Costa v. National Action Financial Services*, 634 F. Supp.

8  2d 1069, 1079 (E.D. Cal. 2007); *Ross v. Creel Publishing*, 100 Cal. App. 4th 736,

9  746-47 (2002).  However, "[a]n assertion of legal rights in pursuit of one's own

10  economic interests does not qualify as 'outrageous' under this standard." *Flores v.*

11  *EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1124-25 (E.D. Cal. 2014); *Yu v. Signet*

12  *Bank/Virginia*, 69 Cal.App.4th 1377 (1999). "The assertion of an economic interest

13  in good faith is privileged, even if it causes emotional distress." *Flores*, 997 F. Supp.

14  2d at 1124-25; Ross, 100 Cal.App.4th at 745.  "In the context of debt collection,

15  courts have recognized that the attempted collection of a debt by its very nature

16  often causes the debtor to suffer emotional distress." *Costa*, 634 F. Supp. 2d at 1079;

17  *Ross,* 100 Cal.App.4th  at 745.  Frequently, the creditor intentionally seeks to create

18  concern and worry in the mind of the debtor in order to induce payment. *Ross*, 100

19  Cal. App. 4th at 746-47.  Thus, such conduct is only outrageous if it goes beyond all

20  reasonable bounds of decency. *Id.*

21       While Defendants deny they engaged in any alleged improper conduct,

22  Plaintiff's claim fails because Defendants were asserting their legal right in pursuit

23  of their own economic interest while executing non-judicial foreclosure proceedings

24  on the deed of trust that secured Plaintiff's then delinquent mortgage Loan.

25  Therefore, Plaintiff did not and cannot allege that Defendants committed any

26  outrageous conduct here. *See Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.

27  2d 862, 884 (2010) ("Common sense dictates that home foreclosure is a terrible

28  event and likely to be fraught with unique emotions and angst.  Where a lending

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1   party in good faith asserts its right to foreclose…, its conduct falls shy of

2   'outrageous,' however wrenching the effects on the borrow.")  Here, Plaintiff

3   concludes but does not adequately present sufficient facts to establish that

4   Defendants engaged in outrageous conduct or bad faith in collecting on their debt in

5   the foreclosure process.  Accordingly, Plaintiff cannot plead a viable intentional

6   infliction of emotion distress claim against Defendants.

7        Second, Plaintiff's claim fails because her purely conclusory claim that she

8   experienced symptoms, such as "anxiety, fear, fright, humiliation, embarrassment,

9   nervousness,…headaches, worry, irritability, damaging in [personal and social]

10  relationships, loss of privacy and injury to reputation [FAC ¶ 41]" cannot establish

11  that she suffered "severe emotional distress." *See Bogard v. Employers Cas. Co.*,

12  164 Cal. App. 3d 602, 618 (1985) (stating that plaintiffs must "set forth…facts

13  which indicate the nature or extent of any mental suffering.").  Indeed, the word

14  "severe" means substantial or enduring as distinguished from trivial or transitory.

15  *Girard v. Ball*, 125 Cal. App. 3d 772, 788 (1981).  Severe emotional distress means,

16  then, emotional distress of such substantial quantity or enduring quality that no

17  reasonable man in a civilized society should be expected to endure it.  *Id.*

18       Here, this claim fails because Plaintiff's purported experienced symptoms are

19  not substantial or enduring.  Plaintiff has not alleged any facts to show the duration

20  of her purported symptoms or their alleged severity.  Indeed, most of her alleged

21  symptoms are common aliments experienced in everyday life.  Moreover, Plaintiff

22  has not alleged that she has seen any medical professionals as a result of her

23  purported ailments and does not claim to take any medications—prescription or over

24  the counter.  *See Costa*, 634 F. Supp. 2d at 1079; *see also Girard*, 125 Cal. App. 3d

25  at 787-788.  The case of *Girard* is instructive.  In *Girard*, the plaintiff claimed

26  emotional distress after a debt collector attempted to collect on a debt against him by

27  making phone calls and sending collection letters.  *Id.* at 787-788.  The plaintiff

28  claimed he "couldn't sleep" and suffered from "anxiety symptoms" and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

SM01DOCS\1097817.3

13

1   nervousness, but he sought no treatment for his condition. *Id.* Although the debtor

2   subsequently claimed more extensive symptoms, the court in *Girard* held that

3   emotional distress damages could not be sought for such "trivial" and "transitory"

4   claims. *Id.* As with the case of *Girard*, the same facts are alleged in support of

5   Plaintiff's claim, and thus Plaintiff cannot demonstrate that she has suffered severe

6   emotional distress under this claim.

7   **V.    CONCLUSION**

8          For the foregoing reasons, Defendants respectfully request that the Court

9   grant their Motion to Dismiss the First Amended Complaint pursuant to Federal

10  Rule of Civil Procedure 12(b)(6) in its entirety and with prejudice.

11

12  Dated:  June 16, 2015                          **BRYAN CAVE LLP**

13                                        By:  */s/ Nicole N. King*
                                              Nicole N. King
14                                        Attorneys for Defendants
                                          OCWEN LOAN SERVICING, LLC; and
15                                        U.S. BANK NATIONAL ASSOCIATION,
                                          AS TRUSTEE FOR STRUCTURED
16                                        ASSET SECURITIES CORPORATION
                                          MORTGAGE PASS-THROUGH
17                                        CERTIFICATES, SERIES 2006-W-1

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

SM01DOCS\1097817.3

14

# PROOF OF SERVICE

## FRCivP 5(B)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, CA  90401.

    On June 16, 2015, I served the foregoing document **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Sheila Alexander El                 *In Pro Per*
20221 Dalfsen Avenue
Carson, CA  90746              Phone: (818) 324-2113

    ☐    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    ☒    (BY OVERNIGHT CARRIER)  I deposited in a box or other facility maintained by an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

    Executed on June 16, 2015, at Santa Monica, California.

    ☒    (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                    */s/ Dennis Kissick*
                                    Dennis Kissick