UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1865 PSG (MANx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | Sheila Alexander El v. Ocwen Loan Servicing, LLC, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| David Gonzalez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Motion to Dismiss as to the FDCPA Claim and DISMISSING Remaining State Law Claim WITHOUT PREJUDICE**

Before the Court is Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-W-1's ("U.S. Bank") (collectively, "Defendants") motion to dismiss Plaintiff Sheila Alexander El's ("Plaintiff") First Amended Complaint ("FAC"). *See* Dkt. # 17. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the supporting and opposing papers, the Court GRANTS the motion to dismiss as to the Fair Debt Collection Practices Act ("FDCPA") and DISMISSES the remaining state law claim WITHOUT PREJUDICE.

I.   Background

Plaintiff obtained a $480,000 loan from non-party Wilmington Finance on January 27, 2006 ("Loan") secured by a deed of trust ("DOT") against Plaintiff's real property located in Carson, California (the "Property"). *See RJN*, Ex. A ["DOT"].[1] The DOT identifies non-party Chicago Title Company as the trustee and non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.*

Two assignments of the DOT were recorded in 2009, transferring all beneficial interest under the DOT to Defendant U.S. Bank. *See RJN*, Ex. B ["ADOT 1"]; Ex. C ["ADOT 2"]. Nearly five years later, on June 12, 2014, U.S. Bank recorded a Substitution of Trustee appointing non-party Western Progressive, LLC ("Western Progressive") as the trustee and Western Progressive recorded a Notice of Default and Election to Sell Under Deed of Trust

---

[1] The Court takes judicial notice of the DOT and other loan and foreclosure-related documents as recorded public documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b)(2); *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1865 PSG (MANx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | Sheila Alexander El v. Ocwen Loan Servicing, LLC, *et al.* | | |

("NOD") the following week. *See RJN*, Ex. D ["Sub. of Trustee"], E ["NOD"]. The NOD lists $12,985.23 in arrears as of June 13, 2014. *NOD* at 35. The NOD indicates that Defendant Ocwen serviced the loan for U.S. Bank. *See id.* at 38.

On October 29, 2014, a Notice of Trustee's Sale was recorded, listing a sale date of the Property on December 1, 2014. *RJN*, Ex. F. ["NOTS"]. On that date, the Property was sold in a foreclosure sale to U.S. Bank and a Trustee's Deed Upon Sale reflecting the sale was recorded on December 24, 2014. *RJN*, Ex. G ["TDUS"].

Plaintiff alleges that Defendants wrongfully attempted to foreclose on the Property, disclosed private information about her mortgage debt to third parties, and placed telephone calls to Plaintiff and Plaintiff's family and guests offering "cash for keys" to coerce occupants to abandon the Property. *See FAC* ¶¶ 3-4, 9-15. Plaintiff claims that Defendants also threatened criminal charges in an effort to collect the alleged debt and staked out the Property impersonating private investigators. *Id.* ¶¶ 11, 39. As a result of Defendants' conduct, Plaintiff asserts that she has suffered severe mental distress, including anxiety, fear, humiliation, and injury to reputation. *Id.* ¶ 41.

Plaintiff, appearing *pro se*, filed this lawsuit against U.S. Bank and Ocwen on March 13, 2015. Dkt. # 1. After Defendants moved to dismiss the complaint, Plaintiff filed an FAC which rendered moot Defendants' motion. *See* Dkts. # 8, 15-16. The FAC reasserts the same two causes of action against Defendants: (1) violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*; and (2) intentional infliction of emotional distress ("IIED"). Dkt. # 16. Defendants now move to dismiss the FAC in its entirety. Dkt. # 17.

II.     Legal Standard

At the outset, the Court notes that Plaintiff is *pro se*. Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1865 PSG (MANx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | Sheila Alexander El v. Ocwen Loan Servicing, LLC, *et al.* | | |

pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions…cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

III.   Discussion

   A.   FDCPA

Plaintiff contends that Defendants have violated the FDCPA. *See FAC* ¶¶ 17-37. However, "[t]o be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of 'debt collector.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citations omitted). The FDCPA defines a "debt collector," in relevant part, as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Although the FAC states that "Defendants at all times relevant herein were and are 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6)," *see FAC* ¶ 22, Defendants argue that the pled and judicially noticed facts actually establish that Defendants are *not* "debt collectors" as a matter of law, *see Mot.* 5:18-6:17.

"[T]he law is well settled that the FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." *See Lal v. Am. Home Servicing., Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citation omitted); *see also Pineda v. Saxon Mortg. Servs., Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008) (holding that the FDCPA "specifically excludes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1865 PSG (MANx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | Sheila Alexander El v. Ocwen Loan Servicing, LLC, *et al.* | | |

creditors and mortgage servicers."); *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (The bank "is not a 'debt collector' within the meaning of the FDCPA because it was attempting to collect its own debt."). Some courts note the timing caveat that an entity that forecloses on a property pursuant to a DOT is not an FDCPA debt collector "so long as it is clear that the entity obtained its interest prior to default." *See Zhuravlev v. BAC Home Loans Servicing, LP*, No. C 10-2165 RS, 2010 WL 2873253, at *2 (N.D. Cal. July 20, 2010) (citations omitted).

Here, U.S. Bank was the assignee of Plaintiff's original mortgage lender (Wilmington Finance), *see ADOT 1*; *ADOT 2*, and Ocwen was the mortgage servicer, *see NOD* at 38. Further, because U.S. Bank was assigned the Loan in 2009 and Plaintiff did not default until 2014, U.S. Bank obtained its interest in the Loan prior to default. Accordingly, because neither U.S. Bank nor Ocwen are "debt collectors" under the FDCPA, the Court GRANTS the motion to dismiss the FDCPA claim against Defendants, without leave to amend.

B. State Law IIED Claim

Although not explicitly stated, Plaintiff's dismissed FDCPA claim was the only basis for this Court's jurisdiction over the action. *See generally FAC*. The FAC did not assert facts to support diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Thus, "[h]aving dismissed the only claim over which the Court had original jurisdiction, . . . the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claim[]." *See Helander v. Hoang*, No. 06CV1626 WQH (LSP), 2007 WL 433253, *4 (S.D. Cal. Jan. 23, 2007); 28 U.S.C. § 1367(c)(3). IIED, the remaining cause of action, is a state tort claim. *Lappin v. Laidlaw Transit Inc.*, 179 F. Supp. 2d 1111, 1125 (N.D. Cal. 2001). Where, as here, the federal claim is dismissed early in the case, it is appropriate for the district court to dismiss the remaining state law claim or claims without prejudice rather than retain supplemental jurisdiction. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's IIED claim and DISMISSES the claim WITHOUT PREJUDICE.

IV. Conclusion

For the foregoing reasons, the Court GRANTS the motion to dismiss Plaintiff's FDCPA claim and DISMISSES that claim WITH PREJUDICE. The Court DISMISSES Plaintiff's IIED claim WITHOUT PREJUDICE.

**IT IS SO ORDERED.**